**SIGNED.**

Dated: April 16, 2010



_____
**JAMES M. MARLAR
Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| LUCY SANTA CRUZ, | No. 4:08-bk-10544-JMM |
| Debtor. | Adversary No. 4:09-ap-01447-JMM |
| LUCY SANTA CRUZ, | **MEMORANDUM DECISION** |
| Plaintiff, | |
| vs. | |
| U.S. BANK, N.A., TRUSTEE OF MBS TRUST; WELLS FARGO BANK, AS MASTER SERVICER, CUSTODIAN AND TRUST ADMINISTRATOR FOR THE MBS TRUST; HOMEQ SERVICING CORPORATION, fka TMS MORTGAGE, INC. dba THE MONEY STORE; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; EVERBANK; Defendants and JOHN AND JANE DOES, INDIVIDUALS, CORPORATIONS AND ANY OTHER FORM OF LEGAL ENTITY 1 THROUGH INFINITY, unknown Defendants, | |
| Defendants. | |

Before the court are motions to dismiss, filed by the defendants (DN 19, 21, 29). Oral argument was held on March 31, 2010, after which the court took the matters under advisement. The court now rules.

# BACKGROUND

## A. The Administrative Case

The Debtor filed a voluntary Chapter 13 case on August 14, 2008. In her schedules, she noted that she was indebted to various secured lenders on both her and her son's residences. None of the secured obligations had a checkmark in the boxes provided for disputed, contingent or unliquidated debts. (DN 7.)

In her Chapter 13 plan, filed on August 19, 2008, the Debtor proposed to pay any arrearages, due on the date of filing, over time to the residences' lienholders. Those lienholders were to retain their security interests (DN 10, p. 2).[1]

Motions for stay relief were filed by the lienholders on both the Debtor's and her son's residences. (DN 22, 29).

Orders lifting the automatic stay, as to both properties, were entered on December 8, 2008 (DN 35) and March 19, 2009 (DN 55). Neither order was appealed.

In response to the stay relief orders, and the anticipated foreclosure of the two properties, the Debtor's plan was amended to eliminate those creditors' treatment (as moot), and the amended plan was confirmed by the court on February 24, 2010 (DN 71).

## B. The Adversary Proceeding (No. 4:09-ap-1447)

Earlier, on October 31, 2009, the Debtor filed a complaint (DN 1) against these defendants, which she amended on January 6, 2010 (DN 18).

The amended complaint generated motions to dismiss by:

---

[1] The Debtor's residence was located at 3571 S. Skylark Place. Her son's residence was at 3233 S. Naco Vista. Both properties are in Tucson, Arizona.

| **Defendant** | **Motion filed on** | **Docket No.** |
|---|---|---|
| Everbank | February 1, 2010 | 19 |
| Mortgage Electronic Registration Systems, Inc. | February 1, 2010 | 21 |
| Wells Fargo Bank, N.A. | February 1, 2010 | 21 |
| Homeq Servicing Corporation | February 1, 2010 | 21 |
| U.S. Bank (Joinder; no new arguments) | March 25, 2010 | 29 |

In the motions filed February 1, 2010, the defendants carefully noted the difficulties with responding to a lengthy and rambling complaint, and also cited case law supporting their contentions that the Plaintiff's complaint should be dismissed as a matter of law, rather than be heard on the merits.

In a two-paragraph response filed on February 3, 2010, the Plaintiff presented no arguments responsive to any of the defendants' legal authorities, but only referred back to the complaint, and complained that the motions were merely "dilatory tactic(s)." (DN 24.)

The court heard arguments on the dismissal motions on March 31, 2010. The Plaintiff, that same day, filed a continuance motion, seeking more time to respond to the motions before the court (DN 35).

After argument, the court took the matters under advisement.

## DISCUSSION

The foreclosures about which the Debtor complains have occurred. It therefore appears that her claims are moot. *See* ARIZ. REV. STAT. § 33-811(B). Mootness further proceeds from the fact that the lienholders are seeking no deficiency against the Debtor. ARIZ. REV. STAT. § 33-814(D), and therefore her debts are deemed fully satisfied.

Mootness also applies because the confirmed plan dealt with the creditors she is now suing. It is essentially acknowledged that they were to retain their security, and receive no further payments from the Debtor. (DN 71). The confirmed plan said nothing about the Debtor's continued right to sue her former secured creditors for perceived legal problems associated with her borrowing

and their foreclosures. Therefore, she is judicially estopped from now challenging their positions. *See, e.g.*, *In re A.P. Liquidating Co.,* 283 B.R. 456 (Bankr. E.D.Mich. 2002) (chapter 11 plan which is silent as to a future lawsuit against creditors bars debtor from proceeding).

The Debtor is judicially estopped, by her failure to ever contend that there were legal issues concerning her borrowing, in either her schedules or her amended plan. (DN 7, 71.) Changing her position now to contest those transactions is barred by the doctrine of judicial estoppel. *In re Hamilton*, 270 F.3d 778 (9th Cir. 2002).

In addition, it is difficult to determine what relief this court can grant to the Debtor. By completion of the foreclosure against the Debtor's real property, the creditor/defendants have satisfied their *in personum* and *in rem* claims against the Debtor. The Debtor's confirmed plan provides for no further payment to those creditors. Exactly what further relief this court can give is unclear. The Debtor borrowed money, did not pay according to terms, and then lost the collateral to foreclosure. By operation of Arizona law, no deficiency can be sought against her. It is difficult, from the four corners of the complaint, to discern how she has been injured, much less what her damages are.

If her contention revolves around the fact that the homes should not have been foreclosed on, then the time and place to have made that argument was to the State Court, prior to the foreclosures having taken place, ARIZ. REV. STAT. § 33-811(E), because once the sales have occurred, the buyers' trustee's deeds are an "absolute" conveyance.

Finally, the Debtor must not prevail, nor be allowed to proceed with this litigation due to her failure to properly respond to the motions to dismiss. The rules provide that a response must be filed to a dismissal motion within 14 days (Local Bankruptcy Rule 9013-1). The Debtor's response filed on February 3, 2010 (DN 24) was the equivalent of no response at all. The court and the parties deserve more.

Thus, for also having failed to follow the rules relating to response to the motions, the Debtor's complaint must be dismissed.

| | |
|---|---|
| 1 | Finally, the court notes that the amended complaint, as written, violates FED. R. CIV. |
| 2 | P. 8.  It is too cumbersome for multiple defendants to answer, and fails the test for a short, plain |
| 3 | statement of facts and law. |
| 4 | A separate order will issue.  FED. R. BANKR. P. 9021. |
| 5 | |
| 6 | DATED AND SIGNED ABOVE. |
| 7 | |
| 8 | COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following: |
| 9 | All parties in interest to this adversary proceeding. |